**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5113-16T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOHN A. HART,

     Defendant-Appellant.

_____

          Submitted February 25, 2019 – Decided June 27, 2019

          Before Judges Haas and Sumners.

          On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 09-12-4039.

          John A. Hart, appellant pro se.

          Mary Eva Colalillo, Camden County Prosecutor, attorney for respondent (Patrick D. Isbill, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant John Hart appeals the June 9, 2017 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing and the July 26, 2017 order denying reconsideration. Applying the well-known PCR standard articulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and State v. Fritz, 105 N.J. 42, 58 (1987), Judge Kathleen M. Delaney ruled that defendant failed to set forth a prima facie case of ineffective assistance of counsel.

Defendant appeals contending:

> POINT I
>
> THE SUPERIOR COURT ERRED IN DISMISSING APPELLANT'S POST CONVICTION RELIEF PETITION WITHOUT CONDUCTING AN EVIDENTIARY HEARING WHERE APPELLANT RAISED GENUINE ISSUES OF MATERIAL FACT IN HIS PETITION AND SUBMITTED AN AFFIDAVIT OF A CENTRAL WITNESS CERTIFYING THE FACTUAL DISCREPANCY TO BE RAISED AT A HEARING.
>
> A. APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO COUNSEL.
>
> B. APPELLANT SHOULD HAVE BEEN GRANTED AN EVIDENTIARY HEARING.

We are unpersuaded and affirm.

I

We glean the following facts from the record. On April 2, 2009, defendant and a former girlfriend (the victim) randomly saw each other in the parking lot of a Cherry Hill mall whereupon defendant began verbally abusing her by calling her vulgar names. The victim retreated to her car, but before she could get inside, defendant forced her into the front passenger seat while he got into the driver's seat and refused to leave. A witness saw the incident and called security. When security arrived, defendant exited the car and fled.

Defendant was indicted for third-degree terroristic threats and fourth-degree stalking.[1] Following the indictment, the State notified the trial court that a petition for the expungement of his New Jersey criminal record – including a conviction for violating a restraining order –that defendant filed on February 27, 2009, could not be heard, because of his pending criminal charges and failure to list all of his prior contacts with the criminal justice system. Consequently, on July 24, the trial court dismissed defendant's expungement petition without prejudice based on the deficiencies in his application.

---

[1] This was not the first occasion in which the victim accused defendant of abusive conduct. In addition to previously receiving numerous phone calls and text messages from defendant, defendant broke her jaw in an incident in Pennsylvania, after which she was unsuccessful in obtaining a restraining order.

Some two years later, in May 2011, the indictment was resolved when defendant pled guilty to the petty offense of disorderly persons and was sentenced to two years of probation, to run concurrently to his Pennsylvania probation term. During the plea colloquy and sentencing, neither defendant nor the State commented on the expungement of any convictions.

Defendant thereafter refiled an amended expungement petition to include the petty disorderly conviction, which was denied without prejudice. He filed a second amended petition, which was denied with prejudice because his prior Pennsylvania convictions were a statutory bar. In response, defendant filed a PCR petition alleging ineffective assistance of trial counsel alleging his counsel failed to investigate possible defenses to third-degree terroristic threats and fourth-degree stalking and misrepresented the terms of the plea agreement.

On June 9, after oral argument, Judge Delany dismissed the PCR petition for failure to establish a prima facie claim of ineffective assistance of counsel and denied defendant's request for an evidentiary hearing.

In her oral decision, the judge found no merit to the claim that counsel failed to investigate possible defenses and exculpatory evidence. She noted that:

> Defendant wanted [counsel] to subpoena the contents of [the victim's] cell phone records, contact the person or persons who maintained the phone to dispel any argument of any kind of a spoofing or hacking on the

part of defendant. He wanted transcripts . . . obtained from the temporary restraining order hearing that would allegedly impeach [the victim's] testimony during trial.

Yet, in support of his petition, defendant only submitted his own affidavit asserting that counsel did not conduct any pretrial investigation. The judge, citing Rule 1:6-6, determined that defendant was not competent to testify as to what counsel may or may not have done, thus there was no evidence to support his allegations.

In addition, the judge explained that defendant was very involved in his defense and that if the charges had been tried, all the State needed to satisfy its burden was the victim's testimony. Therefore, the judge maintained that throughout the investigation and up to the plea, defendant had full knowledge of the evidence the State planned to use against him and the limits of his defense.

With regard to defendant's claim that counsel failed to obtain and review discovery, Judge Delaney was again unpersuaded because as she noted, there were twenty pretrial listings over the course of two years, during which defendant had possession of the temporary restraining order, the complaints, and the warrants, and the victim's statement to the prosecutor's office.

The judge held that defendant did not provide her with any other evidence or discovery that, if obtained by counsel, would have changed the outcome of

his case. Moreover, the judge determined that it was unlikely that counsel would have been able to discuss the facts of the case and negotiate a plea with the prosecutor without having obtained and reviewed the discovery materials.

The judge also found no merit to defendant's contention that if he had known he was unable to expunge his conviction, he would not have pled guilty and would have proceeded to trial, because in the plea colloquy and sentencing transcript, the prosecutor laid out all the terms of the negotiated plea agreement and explained it was the substance of the plea, without any mention of expungement of any charges. The judge also noted that she looked at an email from counsel to defendant encouraging him to take the new offer of pleading guilty to a petty disorderly persons offense, which was "too good to pass up." Again, there was no mention of expungement.

Lastly, the judge noted that if she "were to grant this petition, [defendant] would be in a worse position as he would be facing two indictable convictions and his prior convictions would [still] constitutionally bar him from ever obtaining any expungement in this state."

Accordingly, the judge determined that defendant failed to satisfy Strickland by showing a reasonable likelihood of proving he was prejudiced based upon ineffective assistance of counsel and denied his request for an

evidentiary hearing. Defendant filed a reconsideration motion and, after argument on July 26, the judge – relying on Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996), and D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990) – entered an order and placed her reasoning on the record affirming her June 9 order.

II

On appeal, defendant reiterates the arguments he raised in his PCR petition and before Judge Delaney. His main argument is that had he received effective assistance of counsel, informing him that his conviction could not be expunged, he would not have accepted the plea deal and proceeded to trial. See State v. Allegro, 193 N.J. 352, 367 (2008).

Defendant specifically argues his counsel failed to adequately investigate: (1) the victim's cell phone records regarding allegations that the "threatening texts" received were actually sent by defendant; (2) the defendant's copies of text messages received by defendant from the victim; (3) the affidavit submitted by Cherry Hill Partners, LLC, which owns and operates the shopping mall where the altercation took place; (4) the phone records, transcripts, and documents submitted at a TRO hearing; (5) allegations from the victim's witnesses that they

"believed" the messages and/or Facebook posts originated from defendant; and (6) defendant's statutory right to expungement.

In addition, he argues counsel failed to obtain the prosecutor's evidence against him, and fraudulently induced him into entering the plea agreement by telling him that the plea agreement could be expunged when counsel knew the conviction was statutorily ineligible for expungement.

Next, defendant contends that he informed counsel he would not accept a plea unless it permitted him to expunge his record, but counsel falsely misrepresented in writing that defendant would be able to expunge his record if he accepted the plea, when in fact counsel knew that he was statutorily ineligible. See State v. Gaitan, 209 N.J. 339, 351 (2012). He also argues counsel failed to ensure that all terms of the plea agreement were placed on record.

Accordingly, defendant maintains he presented much more than is necessary to establish a prima facie claim of ineffective assistance of counsel and showed he had a reasonable likelihood of succeeding on the merits. Relying on State v. Allen, 308 N.J. Super. 421. 427 (App. Div. 1998), – where we found that the cumulative effect of errors warranted reversal of the defendant's conviction – defendant argues that all of his counsel's errors viewed together clearly established he was deprived of his constitutional right to counsel,

defendant argues his PCR petition should have been granted because he established "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" since he would not have accepted a plea and would have insisted on going to trial. See Allegro, 193 N.J. at 367.

Having considered these arguments in light of the record and the applicable legal standards, defendant's arguments lack sufficient merit to warrant discussion in a written opinion, Rule 2:11-3(e)(2), and we affirm substantially for the reasons set forth by Judge Delany in her cogent oral decisions. We add only the following brief comments.

A judge reviewing a PCR petition based on claims of ineffective assistance has the discretion to grant an evidentiary hearing if a defendant establishes a prima facie showing in support of the requested relief. State v. Preciose, 129 N.J. 451, 462 (1992). The mere raising of a claim for PCR does not entitle a defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). The judge should only conduct a hearing if there are disputed issues as to material facts regarding entitlement to PCR that cannot be resolved based on the existing record. State v. Porter, 216 N.J. 343, 354 (2013).

In cases where the PCR judge does not conduct an evidentiary hearing, we review the judge's legal and factual determinations de novo. State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018) (citation omitted). A PCR petitioner faces the burden to establish the grounds for relief by a preponderance of the credible evidence. State v. Goodwin, 173 N.J. 583, 593 (2002) (citations omitted). To establish an ineffective-assistance-of-counsel claim, a convicted defendant must demonstrate: (1) counsel's performance was deficient, and (2) the deficient performance actually prejudiced the accused's defense. Strickland, 466 U.S. at 687; see also Fritz, 105 N.J. at 58 (adopting two-part Strickland test in New Jersey).

Further, to set aside a plea based on ineffective assistance of counsel, "a defendant must show that (i) counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases'; and (ii) 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009) (alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)). In other words, "a petitioner must convince the court that a decision to reject the plea bargain would have been rational under

the circumstances." State v. O'Donnell, 435 N.J. Super. 351, 371 (App. Div. 2014) (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)).

Because there are no such disputed facts and defendant failed to set forth a prima facie case of ineffective assistance of counsel, an evidentiary hearing was not warranted. We agree with the State that defendant failed to meet his burden because both the plea and sentencing record "demonstrate[] that the prosecutor set forth in its entirety 'the sum and substance' of the negotiated plea agreement before defendant entered his guilty plea[,]" with no reference to expungement of defendant's offense.

More importantly, defendant's own emails to his counsel indicate that he clearly understood that expunging his criminal record would not be available to him if he entered into any plea for a disorderly persons offense. In an email, defendant stated to counsel:

> Based upon the applicable laws in New Jersey regarding expungement, unfortunately it appears as though that option will not be available to me in this case, so if the prosecutor's office is not willing to dismiss the charges against me, I have no other alternative then to proceed to trial.

In a follow-up email, defendant advised counsel: "Any disorderly persons offense I enter, just like any indictable offense I enter, will be an additional permanent mark on my record. It will not be able to be expunged."

11

Lastly, and significantly, defendant did not advise the trial judge of the alleged expungement condition at the time of his plea, especially considering defendant expressly questioned his obligation to report to probation in New Jersey in light of his already existing Pennsylvania sentence, or at his sentencing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5113-16T3